UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:18cv117

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| REAL PROPERTY which is physically ) | |
| located at 129 Reservoir Ridge Drive in ) | |
| Cullowhee, North Carolina, and more ) | COMPLAINT FOR |
| particularly described in a document at ) | FORFEITURE *IN REM* |
| Book 1898, Pages 775-777 in the office of ) | |
| the Register of Deeds for Jackson ) | |
| County, North Carolina, ) | |
| ) | |
| Defendants. ) | |

FILED
ASHEVILLE, N.C.
MAY 01 2018
U.S. DISTRICT COURT
W. DIST. OF N.C.

NOW COMES the United States of America, plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil *in rem* cause of forfeiture, and alleges the following:

## NATURE OF THE ACTION

1. This is a civil forfeiture action brought by the United States *in rem* against all present and future interest in real property within the Western District of North Carolina identified as:

    a. 129 Reservoir Ridge Drive, Cullowhee, North Carolina, and more particularly described in a document at Book 1898, Pages 775-777 in the Office of the Register of Deeds for Jackson County, North Carolina together with all appurtenances, improvements, and attachments thereon; and

2. The basis of the forfeiture, more specifically described below, is that Defendant Property sought to be forfeited was or has been used or intended to be used to commit and/or facilitate the commission of certain violations of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* and/or otherwise constitutes proceeds, or is otherwise derived from proceeds traceable to, certain offenses in violation of the Controlled Substances Act, 21 U. S. C. §§ 801, *et seq.* The violations of these statutes support forfeiture of the Defendant Property as provided by 21 U.S.C. § 881(a)(6) and (7).

1

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This court has jurisdiction over an action commenced by the United States under 28 U.S.C. §1345 and over an action for forfeiture under 28 U.S.C. § 1355.

4. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

5. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1355(b) and 28 U.S.C. § 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and because the property to be forfeited is physically located in and is found in this district.

6. Procedures for this civil forfeiture *in rem* action are mandated or otherwise authorized by 18 U.S.C. §§ 981, 983, and 985; 21 U.S.C. § 881; and Rules A - G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## THE DRUG TRAFFICKING OPERATION FROM 129 RESERVOIR RIDGE DRIVE

7. 129 Reservoir Ridge Drive, Cullowhee, North Carolina, is a single family home owned by Mark Loren Miller.

8. The home is situated adjacent to the campus of Western Carolina University.

9. The home is also located in close proximity to a parochial day-care center and directly across the street from an active religious parsonage frequented by students and community members.

10. The Jackson County Sherriff's Office (JCSO) began investigation 129 Reservoir Ridge Drive as early as 2016 as a result of increased drug and firearm activity on and around the campus.

11. Reports indicated that known drug dealers and individuals involved in the possession of illegal narcotics were buying, selling, and or trading narcotics and firearms from the residence located at 129 Reservoir Ridge Drive.

12. According to neighbors, since 2014, Miller would entertain car and foot traffic of around 50 persons per day.

13. Miller's neighbors also reported that they would recover bags, needles, and other drug paraphernalia from a wooded area across the street from Miller's home and from a path that Western Carolina University students frequented as they traveled to Miller's residence to purchase drugs.

14. The JCSO has received dozens of letters regarding 129 Reservoir Ridge Drive and its effects on the surrounding community—including West Carolina University.

15. The investigation revealed that the homeowner, Mark Loren Miller, was an individual previously known to JCSO Deputies for selling cocaine, marijuana and LSD. The investigation also revealed that Miller owned or was in possession of various firearms.

16. The investigation found that Miller has no known source of income but owned 129 Reservoir Ridge Drive and numerous vehicles-each with active registrations and valid license plates.

### November 16, 2017: Controlled Purchase of Marijuana from Miller

17. On November 16, 2017, JCSO Detective Brooks and Alcohol Tobacco Firearms and Explosives (ATF) Agent Christopher Green set up a two-ounce purchase of marijuana with Miller utilizing two JCSO Criminal Informant's (CS064 and CS065).

18. Detective Brooks and SA Green met with the two confidential informants at a pre-determined location where they were provided with audio/video recording devices and JCSO buy money.

19. SA Green and Detective Brooks followed both Criminal Informant's to Miller's residence and monitored the transaction.

20. CS065 knocked on Miller's door and entered the residence.

21. CS065 observed Miller separate and weigh out two ounces of marijuana.

22. Miller took the two ounces into the kitchen and vacuum-sealed prior to giving to CS065.

23. CS065 departed from Miller's residence and was followed by SA Green and Detective Brooks back to a pre-determined location where the evidence was turned over to Detective Brooks.

### November 21, 2017: Controlled Purchase of LSD/Acid from Miller

24. On November 21, 2017, JCSO Detective Brooks and ATF SA Green set up a buy for 100 hits of LSD "acid" from Miller utilizing a JCSO criminal informant (CS065).

25. Detective Brooks and SA Green met with CS065 at a pre-determined location where they provided the informant with an audio/video recording device and JCSO buy money.

26. SA Green and Detective Brooks followed CS065 to Miller's residence and monitored the deal.

27. CS065 knocked on Miller's door and entered the residence.

28. While in Miller's residence they encountered another individual, who introduced himself as "Matt", purchasing "oil" and "live resin" from Miller.

29. CS065 purchased 100 "hits" (on one sheet of blotter paper) of LSD from Miller for $350.

30. Miller stated that he could sell five sheets (500 hits) for $325 per sheet and ten sheets (1,000 hits) for $300 per sheet.

31. CS065 departed from Miller's residence and was followed by SA Green and Detective Brooks back to a pre-determined location where the evidence was turned over to Detective Brooks.

### December 6, 2017: Controlled Purchase of Marijuana from Miller

32. On Wednesday, December 6, 2017, ATF Asheville, SA Green, SA Kurtz and RAC Dixon and JCSO Detectives Brooks, Lovedahl, Chief Deputy Hooper, and Sheriff Hall utilized two JCSO confidential informants (hereafter referred to as CS064 and CS065) to purchase approximately one pound of marijuana from Miller at 129 Reservoir Ridge Drive.

33. At approximately 1510 hours, SA Green briefed the two informants as to the controlled purchase of marijuana.

34. SA Green and SA Kurtz searched the two informants for contraband, currency, and weapons and none were located.

35. Detective Lovdahl and SA Kurtz searched the informants vehicle and no contraband, currency, or weapons were located.

36. SA Green provided CS064 with an audio recording device to utilize during the controlled purchase.

37. Detective Brooks provided CS065 with an audio/video recording device.

38. SA Green provided CS065 with three thousand dollars in ATF Agent Cashier Funds to utilize to purchase evidence.

39. At approximately 1522 hours, the informants departed the pre-determined location, with SA Green and Detective Brooks keeping their vehicle in visual range until reaching Miller's residence, 129 Reservoir Ridge Road, Cullowhee, NC.

40. The informants arrived at Miller's residence at approximately 1542 hours.

4

41. CS065 went into Miller's residence and several minutes later CS064 entered the residence.

42. Miller discussed the different types of marijuana he had available for sale with CS064.

43. CS064 informed Miller that they wanted one half pound (1/2 lb) of the more expensive marijuana and one half pound (1/2 lb) of the cheaper kind of marijuana.

44. Miller then proceeded to place the marijuana in a bag and utilized a vacuum sealer—as heard on audio—to package and seal at least one bag of marijuana.

45. Miller told the informants that he previously sold pills and cocaine but it brought to much "heat".

46. Miller also discussed making edibles, containing a controlled substance.

47. Miller also showed the informants several different types of "bud" that he had available for sale.

48. The confidential informants paid Miller $2,460 for the one pound of marijuana and twenty dollars ($20) for a sample of the "edibles" for a total of $2,480.

49. As the informants departed Miller's residence, Miller asked CS064 to get his number from CS065 and text him in order to discuss coordinating additional drug sales.

50. At approximately 1601 hours, both informants left Miller's residence, followed by SA Green and SA Kurtz to a pre-arranged meet location.

51. At approximately 1634 hours, SA Green and SA Kurtz searched the informants and their vehicle for any contraband, currency, or weapons and none was located.

52. CS065 turned over all the purchased evidence to Detective Brooks.

53. CS065 turned over the unused AC Funds, ($520) to SA Green.

### December 14, 2017: Controlled Purchase of Marijuana Occurring at 129 Reservoir Ridge Drive

54. On December 14, 2017 JCSO Detective Brooks and DEA Task Force Officer Brian Leopard, utilizing JCSO confidential informant CSC065 set up a purchase of one half pound of marijuana from Brooklyn McCoy.

5

55. CS065 contacted Miller on December 11, 2017 about purchasing one pound of marijuana.

56. Miller stated he was out of town for two weeks but had someone who could sell to CS065.

57. On December 13, 2017, McCoy contacted CS065, via text, and stated she needed to meet with CS065 at some point.

58. On December 14, 2017, McCoy stated she could meet with CS065 on this date at Miller residence.

59. JCSO Detective Brooks provided CS065 with an audio/video recording device and followed them to Miller's residence, 129 Reservoir Ridge Drive.

60. CS065 arrived at Miller's residence at approximately 1315 hours.

61. McCoy arrived at Miller's residence at approximately 1320 hours.

62. Surveillance officers observed the hand-to-hand transaction between McCoy and CS065 occur at 129 Reservoir Ridge Drive.

63. Detective Brooks followed CS065 to a pre-determined location and turned over the purchased evidence, one half pound, of marijuana to Detective Brooks.

### January 19, 2018: Controlled Purchase of Marijuana from Miller

64. On Friday January 19, 2018 ATF Asheville, SA Green, SA Jordan and Jackson County Sheriff's Office Detectives Brooks, Lovedahl, Chief Deputy Hooper, Major Queen and Lieutenant Buttery, utilizing a JCSO Criminal Informant (hereafter referred to as CS064), purchased approximately one pound of marijuana from Miller.

65. At approximately 1230 hours, SA Green briefed the informant as to the procedures for the controlled purchase of marijuana.

66. Det. Lovdhal searched CS064 and their vehicle for contraband, currency, or weapons, none were located.

67. Det. Brooks provided CS064 with an audio recording device to utilize during the controlled purchase.

68. SA Green provided CS064 with three thousand dollars in ATF Agent Cashier Funds to utilize to purchase evidence.

69. At approximately 1304 hours, CS064 departed the pre-determined location, with SA Green and Detective Brooks keeping the CS064's vehicle in visual range until reaching the proposed buy location of the Catamount Travel Center in Cullowhee NC.

70. Miller contacted CS064 via an application called "signal" and stated that because the campus police frequent that location Miller did not want to do the deal there.

71. Miller then suggested to CS064 that they complete the transaction at the County Recreation Department located at 88 Cullowhee Mountain Road, Cullowhee, NC 28723.

72. SA Green surveilled the area and determined that the deal could be adequately covered and advised CS064 to agree to the recreation park for the deal.

73. Two JCSO deputies went into the recreation department building to assist as needed and view the deal from the surveillance cameras.

74. CS064 arrived at the parking lot at the Jackson County Recreation Department and parked in the middle of the parking lot.

75. Miller contacted CS064 and advised he would be there shortly.

76. Miller arrived at CS064 vehicle and CS064 got into a black Toyota Tacoma (believed to be Miller's girlfriend's vehicle bearing N.C. tag number YWF3273).

77. At 1354 hours, Miller provided CS064 with approximately one pound of marijuana and CS064 gave Miller $2,300 in US Currency, ATF Agent Cashier Funds.

78. At approximately 1357 hours, CS064 left the Jackson County Recreation Park and followed SA Green, SA Jordan and Detective Brooks to a pre-arranged meet location.

79. At approximately 1415 hours, CS064 turned over the purchased evidence to Det. Brooks.

80. Detective Lovdhal and Lt Buttery searched CS064's vehicle and their person for any contraband, currency or weapons and none was located.

81. CS064 turned over the unused AC Funds, $700, to SA Jordan.

### February 21, 2018: Controlled Purchase of Marijuana from Miller

82. On Wednesday February 21, 2018 ATF Asheville, SA Green, SA Jordan, SA Seagrove and JCSO Detectives Brooks, Lovedahl, Chief Deputy Hooper, Major Queen, utilizing a JCSO Criminal Informant (hereafter referred to as CS064), purchased approximately one half pound of marijuana from Miller.

83. The transaction took place at a mini storage location owned by Miller and located at 992 Old Cullowhee Road, Sylva, NC.

84. At approximately 1530 hours, SA Green briefed the CS064 as to the controlled purchase of marijuana.

85. SA Green searched CS064 and their vehicle for contraband, currency, or weapons, none were located.

86. Det. Brooks provided CS064 with an audio recording device to utilize during the controlled purchase. DEA TFO Brian Leopard provided CS064 with $1,300 in HIDTA (High Intensity Drug Trafficking Area Task Force) funds, of buy money to utilize to purchase the drugs.

87. At approximately 1630 hours, CS064 departed the pre-determined location, with SA Green and Detective Brooks keeping the CS064's vehicle in visual range until reaching the proposed meet location, which was the public river access point on Old Cullowhee Road.

88. Miller contacted CS064 via an application called "signal" and stated that he would meet CS064 at the public boat access area and the mini storage units were just up the road from there.

89. SA Green surveilled the area and determined that the deal could be adequately covered and advised CS064 meet Miller at the public boat access area.

90. CS064 arrived at the public boat access area and waited for Miller. Miller contacted CS064 and advised he would be there shortly.

91. Miller arrived at the public boat access area at approximately 1738 hours and motioned for CS064 to follow him to the mini storage buildings.

92. At approximately 1745 hours, Miller provided CS064 with approximately one half pound of marijuana and CS064 gave Miller $1,300 in U.S. Currency, DEA HIDTA funds.

93. After Miller provided CS064 with the marijuana, they both engaged in conversation about the six motorcycles that Miller stated he had stored in the storage unit.

94. Miller told CS064 that the "Feds" were in town as a result of the murder of a local resident during a recent drug deal.

95. Miller also stated that a JCSO Deputy that provided Miller information about ongoing violent crime investigations in the Cullowhee area had recently been fired.

96. Miller stated that he now believed "everything cooled down."

8

Case 1:18-cv-00117-MR-DLH   Document 1   Filed 05/01/18   Page 8 of 11

97. Miller also advised that he was now going to be getting more LSD and could get cocaine HCL for $1,400 per ounce from his source in Asheville, NC.

98. CS064 told Miller he would take guns to New York and was interested if he had any for sale.

99. At approximately 1751 hours, CS064 left the mini Storage units and followed SA Green and SA Jordan to a pre-arranged meet location.

100. At approximately 1415 hours, CS064 turned over the purchased evidence to Det. Brooks.

101. Det. Lovdhal searched CS064's vehicle and SA Green searched CS064 for any contraband, currency, or weapons and none were located.

### April 20, 2018: Controlled Purchase of Marijuana from Miller

102. On April 20, 2018, JCSO Detectives Lovdhal, Major Queen, Chief Deputy Hooper, SA Chris Green (ATF) and Detective Leopard (DEA TFO) utilizing confidential informant CS064, set up a controlled purchase of marijuana from Miller.

103. CS064 was provided $1,300 in JCSO buy money to purchase one half pound of marijuana.

104. CS064 contacted Miller at approximately 1045 hours, through the "signal app" and arranged for the purchase of marijuana.

105. Miller informed CS064 that he wanted to do the deal in the Ingles Parking lot, located at 19 E. Webster Road, Sylva N.C.

106. At approximately 1549 hours, Det. Lovdhal provided CS064 an audio and video recording device.

107. CS064 followed Det. Lovdhal to the area of the Ingles parking lot.

108. Upon making contact, Miller sold CS064 one half pound of marijuana for $1,300.

109. CS064 followed Det. Lovdhal to a predetermined location once the deal was completed.

110. Det. Lovdhal took possession of the evidence.

### Miller's Lack of Legitimate Income Sources and Criminal History

9

111. According to the North Carolina Employment Security Commission, Miller has been unemployed since at least 2015. *See table:*

| **Reported Wages for Mark Miller** | | |
|---|---|---|
| **Year** | **Amount** | **Employer** |
| 2009 | $ 9,696.54 | Trillium Links |
| 2010 | $11,120.06 | Trillium Links, Employer not listed |
| 2011 | $23,859.62 | Employer not listed |
| 2012 | $29,932.44 | Employer not listed |
| 2013 | $29,499.92 | Sundog Club Inc |
| 2014 | $16,668.92 | Bubbyboy LLC, Sundog Club Inc |
| 2015 | $20,764.68 | Unvirtuous Abbey, Bluestar Resort |
| 2016 | $ 1,679.62 | Bluestar Resort, Mountain Coast Ventures LLC |

112. Miller's criminal history includes a misdemeanor conviction for possession of drug paraphernalia and conviction for DWI-Driving While Intoxicated in 2013.

## LEGAL BASIS FOR FORFEITURE

113. Based upon the totality of the facts and circumstances, the Defendant property is proceeds traceable to transactions and exchanges for controlled substances or listed chemicals in violation of Chapter 13, Drug Abuse Prevention and Control, of Title 21 of the United States Code, §§ 801 et seq.; and used or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations, and proceeds thereof, punishable by more than one year's imprisonment of Chapter 13, Drug Abuse Prevention and Control, of Title 21 of the United States Code, §§ 801 et seq.; and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (7).

114. By virtue of the foregoing, all right, title, and interest in the defendant property vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture, 18 U.S.C. § 931(f) and 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

115. Upon information and belief, the following persons may have or claim an interest in the defendant property:

> Mr. Mark Miller
> 129 Reservoir Ridge Drive
> Cullowhee, NC 28723

## PRAYER FOR RELIEF

116. WHEREFORE, the United States respectfully asserts that there is reasonable belief or probable cause to believe that the defendant property is subject to forfeiture and is forfeitable to the United States under 21 U.S.C. § 881(a)(6) and (7), and requests:

10

Case 1:18-cv-00117-MR-DLH   Document 1   Filed 05/01/18   Page 10 of 11

a. that the Court decree that the forfeiture of the defendant property to the United states under 21 U.S.C. § 881(a)(6) and (7) is confirmed, enforced, and ordered;

b. that the Court thereafter order that the United States Marshal, or his delegate, dispose of the defendant property as provided by law; and

c. that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully Submitted this the 1st Day of May, 2018.

                                R. ANDREW MURRAY
                                UNITED STATES ATTORNEY

                                <u>Tiffany Mallory Moore</u>
                                Assistant United States Attorney
                                Western District of North Carolina
                                227 West Trade Street
                                Suite 1650
                                Charlotte, North Carolina 28202
                                Phone: 704-344-6222
                                Fax: 704-227-0248
                                Tiffany.Moore2@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:18cv117

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )
)
REAL PROPERTY which is physically )
located at 129 Reservoir Ridge Drive in )
Cullowhee, North Carolina, and more ) COMPLAINT FOR
particularly described in a document at ) FORFEITURE *IN REM*
Book 1898, Pages 775-777 in the office of )
the Register of Deeds for Jackson )
County, North Carolina, )
)
    Defendants. )

FILED
ASHEVILLE, N.C.
MAY 01 2018
U.S. DISTRICT COURT
W. DIST. OF N.C.

### VERIFICATION

Christopher B. Green deposes and says under penalty of perjury;

I am a Special Agent with the Alcohol, Tobacco, Firearms, and Explosives Agency and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Special Agent Christopher B. Green

SUBSCRIBED and sworn to before me on this, the 1st Day of May, 2018 at Asheville, North Carolina.

_____
DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA

1