**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:18-cv-00117-MR-WCM**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>129 RESERVOIR RIDGE DRIVE )<br>CULLOWHEE, NC., )<br>)<br>Defendant. )<br>_____) | **CONSENT ORDER REGARDING CLAIM OF FLAGSTAR BANK, FSB** |

**THIS MATTER** is before the Court on the parties' Consent Motion Regarding Claim of Flagstar Bank, FSB ("Flagstar"). [Doc. 34]

The parties have stipulated and agreed to, and the Court finds, the following facts. On May 1, 2018, the United States filed this civil *in rem* action, which seeks forfeiture of a residence located at 129 Reservoir Ridge Drive, Cullowhee, NC (the "Defendant Property"). [Doc. 1]. On June 28, 2011, the Claimant Mark Miller ("Miller") borrowed the original principal sum of $152,070.00 by means of a promissory note originally payable to Mortgage Makers, Inc. ("the Note"). A copy of the Note was attached as Exhibit B to the claim filed by JPMorgan Chase Bank, N.A. ("Chase") on July 3, 2018. [Doc. 12-2]. As security for repayment of the Note, Miller

conveyed a Deed of Trust concerning the Defendant Property, which was recorded in Book 1898 at Page 778 of the Jackson County Registry.

On or about December 4, 2018, Chase transferred the Note to Lakeview Loan Servicing, LLC ("Lakeview"). Lakeview is in possession of and control of the Note. Lakeview appointed Flagstar a limited power of attorney to enforce the Note, and Flagstar thus asserts an interest in the Defendant Property. [Doc. 22-1].

Miller and Flagstar have filed claims concerning the Defendant Property. [See Docs. 8, 12[1]]. While Flagstar does not contest the forfeiture of the Defendant Property, Flagstar seeks to protect its interest in the Defendant Property in the event that there is any failure to pay the Note or if the Note is not paid in full as a result of any forfeiture sale or other resolution of this action. The parties agree that any order or agreement to forfeit or sell the Defendant Property, judicial or otherwise, shall be subject to the Note and Deed of Trust. Flagstar agrees that the United States reserves the right to terminate this forfeiture action at any time.

---

[1] Chase initially filed a claim concerning the Defendant Property. [Doc. 12]. Subsequently, Flagstar moved to be substituted as the claimant in place of Chase [Doc. 19], which the Court allowed [Doc. 23].

Accordingly, the Court will grant Flagstar's Claim. Unless specifically directed by an order of the Court, Flagstar shall be excused and relieved from further participation in this action. The parties agree to bear their own costs, including attorney's fees, in connection with Flagstar's Claim. This Consent Order does not resolve Miller's Claim, which remains pending. Litigation between the United States and Miller is ongoing.

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion [Doc. 34] is **GRANTED**, and Flagstar's Claim [Doc. 19] is **GRANTED** in as much as the parties agree that any order or agreement to forfeit or sell the Defendant Property, judicial or otherwise, shall be subject to the Note and Deed of Trust.

**IT IS SO ORDERED.**

Signed: March 30, 2020

Martin Reidinger
United States District Judge